Totten, J.
delivered the opinion of the court.
This action having been tried before a justice of the peace, was taken to the circuit court of Weakly, by appeal, where, on a trial de novo, judgment was for the plaintiff, and defendant has appealed, in error, to this court.
Several causes have been assigned for error: 1. That the circuit court had no jurisdiction of the suit; because as is alleged, there was no judgment before the magistrate and no appeal; that the proceeding before him was so informal and imperfect, as to be a mere nullity.
*454 Informal and imperfect, it certainly was; but we cannot regard it as a nullity: to do so, and to require strict and formal practice before those inferior tribunals, would be to destroy their jurisdiction, and in its results, do serious injury, perhaps, to the community. When we consider how extensive is the jurisdiction of those magistrates’ courts, embracing a great variety of subjects, not cognisable originally in any superior forum, we can but see the necessity of making great allowance for their' informal and irregular proceedings.
This view of the subject has been taken in many reported cases, in this court, to which it were needless to make reference; and substantial accuracy is all that can be had or will be required in their proceedings.
Now, in the present case, it appears the warrant was duly returned before J. H. Reavis, a justice, for trial, and there appear, endorsed on the warrant the entries, '‘judgment against the plaintiff for costs of suit,” “from which the plaintiff prays an appeal, which is granted,” and there is no signature to these entries; but a bond for the appeal to the circuit court of Weakly, is given, reciting the trial, judgment and appeal before the said magistrate, J. H. Reavis. The parties appear in the circuit court, and no exception is taken to the form of these proceedings. We think this state of the case gave the circuit court jurisdiction. We are not aware of any statute directing the form of these judgments, or that they shall be signed. It appears that the act of 1835, ch. 17, directs the justices to keep formal dockets, in which they shall state and preserve the judgments rendered before them; and this will go far to supply defects and omissions in their other proceedings. See Rogers vs. *455 Cockran, 3 Yer. R. 411; Agee vs. Dement, 1 Hum. 332; Cooly vs. Julin, 5 Yer. R. 439; Meigs’ R. 12.
2. Exception is taken to the form of the verdict; it “finds the defendant indebted to the plaintiff,” &c. whereas, it should have been that the “defendant detains from the plaintiff, as administrator,” &c., and not being so, it purports to be a debt due the plaintiff in his own right. And in support of this position, it is also said, that there was no proof that plaintiff was administrator.
Now we think the finding of indebtedness may well be referred to the character and right in which the plaintiff sued, that is, as administrator, and as to the objection that there was no proof of his representative character, that is matter in abatement, and no exception in abatement was taken by defendant, and it cannot now be taken after a defence in bar.
3. It is said the proof will not sustain the verdict; we are of a contrary opinion, and concur with his Plonor, the circuit judge, in the belief that the proof well warranted the verdict.
The judgment will be affirmed.